IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES AGGREY-KWEGGYIR ARUNGA, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | 2:19-cv-00999-LSC |
| v. | ) ) | |
| DNC-CULT OCHLOCRACY, *et al.*, | ) ) | |
| Defendant. | ) ) ) | |

## Order

Before this Court is Plaintiffs James Aggrey-Kweggyir Arunga and Henry Allen Smith's 21st Century Class Action Complaint for Civil Case (doc. 1) and motion to convene a three judge court (doc. 6). Before this case was assigned to the undersigned, Plaintiffs were granted leave to proceed *in forma pauperis* to the extent that they sought to proceed without the prepayment of fees or costs or the giving of security. (Doc. 4.) The case was subsequently reassigned to the undersigned because the previously assigned magistrate judge believed Plaintiffs' Complaint was due to be dismissed. (*Id.*) For the reasons stated below, the Court finds that this case is not due to be heard by a three judge panel and is to be DISMISSED without PREJUDICE.

Plaintiffs, who appear to reside in Oregon, have filed suit against a number of Defendants, including Barack Obama, the Democratic National Committee ("DNC")[1], and several other individuals who reside in Oregon, for a number of alleged legal wrongs that occurred in Oregon and other locations outside of the state of Alabama. Plaintiffs bring claims against Defendants for alleged violations of 18 U.S.C. §§ 241, 242; the First and Fourteenth Amendment; and various other laws.[2] (Doc. 1 at 7.) Plaintiffs demand $5.5 million in damages, $9.5 billion in "deterrent retribution," $400.00 in costs, and a declaration that Defendants, including the DNC, are "un-American; [and] banned and rejected as repugnant." (*Id.* at 14.)[3]

As an initial matter, this Court addresses Plaintiffs' motion to convene a three judge court (doc. 6). "[A] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the

---

[1] In the Complaint, Plaintiffs refer to the DNC as the DNC-Cult Ochlocracy of DNC-"Crazy Democrats."
[2] Plaintiffs also seek to bring claims against Defendants for violations of the Bible and other "Writs of NonDelegability," including the Mayflower Compact and the Federalist Papers.
[3] To the extent that Plaintiffs are seeking to proceed *pro se* and bring class wide allegations, the Court questions whether Plaintiffs proceeding *pro se* can bring class claims as several courts have refused to allow *pro se* plaintiffs to bring class claims. *See Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

apportionment of any statewide legislative body." 28 U.S.C. § 2284(a).[4] If the case is one that is required to be heard by a three judge panel, "the judge to whom the request is presented shall ... immediately notify the chief judge of the circuit." *Id.* § 2284(b). If a three judge panel is warranted, a single judge may not enter any decision on the merits. *Id.*

Both Plaintiffs' Complaint (doc. 1) and motion to convene a three judge court (doc. 6) fail to establish that Plaintiffs are bringing any claim that is required to be heard by a three judge panel. Moreover, Plaintiffs' Complaint does not indicate that they are challenging the constitutionality of the apportionment of any congressional districts or statewide bodies. Therefore, Plaintiffs' motion to convene a three judge court (doc. 6 ) is DENIED.

An indigent person seeking to initiate a civil action may ask the court to allow him to proceed without prepayment of fees by submitting an affidavit describing his financial situation. 28 U.S.C. § 1915(a)(1). If the court grants the motion and allows the party to prosecute the action *in forma pauperis*, but determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

---

[4] Although Plaintiffs invoke 28 U.S.C. § 2281 as a basis for their request for a three judge panel, this statute was repealed in 1976. Pub. L. 94-381, § 1, Aug. 12, 1976, 90 Stat. 1119.

monetary relief against a defendant who is immune from such relief, the court must dismiss the action. *Id.* § 1915(e)(2).

An indigent party's action is considered to be frivolous "if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)). The complaint may be dismissed even before service of process if this Court concludes that the action "has little or no chance of success" because "the factual allegations are 'clearly baseless'" or "the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Similarly, a claim based on "fantastic or delusional scenarios" is frivolous. *Bilal*, 251 F.3d at 1349. This Court must also dismiss a complaint if it is "apparent from the face of the complaint or the court's records" that an affirmative defense renders the claims asserted frivolous. *Clark*, 915 F.2d at 640 & n.2. A defendant's absolute immunity from suit, res judicata and collateral estoppel, and the expiration of the applicable statute of limitation are but a few examples. *Id.* at 640 n.2.

Conclusory statements of law that are not supported by concrete factual allegations are insufficient to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009). Accordingly, a complaint must "contain enough information regarding

the material elements of a cause of action to support recovery under some 'viable legal theory.'" *Am. Fed'n of Labor & Cong. Of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683–84 (11th Cir. 2001)).

Plaintiffs' Complaint alleges that a number of individual Defendants, which Plaintiffs refer to as "Hate Vagabond Perpetrators" or "HVP," have acted in concert with the DNC to engage in the business of selling drugs and human trafficking at Shamrock MBH Village ("Shamrock Village") in Eugene, Oregon where Plaintiffs reside. (*Id.* at 6.) Plaintiffs also allege that on March 24, 2019; May 25, 2019; and June 3, 2019, a number of individual defendants acted in concert with the DNC to trespass and assault Plaintiffs on the their property located in Shamrock Village, denying Plaintiffs "their personal and property benefits." (*Id.* at 8–9.) Plaintiffs further contend that another group of individual Defendants, who appear to reside at or be associated with Shamrock Village, acted in concert with the DNC on September 30, 2018; October 1, 2018; November 18–20, 2018; December 25, 2018; March 24, 2019; May 25, 2019 and June 1, 2019, to trespass on Plaintiffs property in order to assault and yell racial slurs at Plaintiffs, denying Plaintiffs "their personal and property rightful use." (*Id.* at 9–10.)

Plaintiffs' Complaint also alleges that Defendant Michael McShane, the DNC, and certain other individuals conspired to issue certain "maundering decisions" on March 18, and June 3, 2019, which allegedly denied Plaintiffs "their Due Process and Equal Protection Benefits of the Law." (*Id.* at 8, 11.) Another group of Defendants, including Clara L. Rigmaiden, are alleged to have acted in concert with the DNC to issue "a final hateful decision denying Plaintiff Henry Allen Smith his claim for Due Process and Equal Protection Benefits (of the law), on October 26, 2018." (*Id.* at 10–11.) Later in the Complaint, Plaintiffs asserts that certain Defendants that are judges, including Supreme Court Justices Ruth Bader Ginsburg and Elena Kagan, issued decisions "on June 3, 2019; October 26, 2018; August 10, 2010; August 3, 1994 [;] and August 10, 1993" that denied "Plaintiffs' claims for [] Due Process and Equal Protection-Benefits." (*Id.* at 12.)

Plaintiffs' Complaint also includes allegations against a number of high profile Democrats—including Barack Obama, Joseph Biden, Hillary Clinton, Chuck Schumer, and Nancy Pelosi. Plaintiffs allege that these Defendants acted in concert with the DNC to (1) deny Plaintiffs' National Security claims on "August 25–28, 2008, and September 4–5, 2012;" (2) issue certain "heinous final decisions on June 9 and 11, 2019;" (3) use "the Oval Office as a bagnio;" and (4) deny certain victim

claims by Plaintiffs for "[b]enefits of the Oval Office" on "July 25–26, 2016; on July 13–16, 1992[;] and[] August 26–29, 1996." (*Id.* at 11–12.)

Upon review of these allegations, Plaintiffs have failed to plausibly state a claim for relief. The factual allegations in Plaintiffs' Complaint are limited to vague statements asserting that certain decisions or actions were taken by Defendants acting in concert with the DNC to harm them on certain dates. These allegations fail to plausibly indicate how any alleged deprivation of constitutionally protected rights occurred.

Moreover, to the extent that Plaintiffs seek to bring claims arising from certain judicial decisions made by a Defendant judge in his or her judicial capacity, these Defendants would be entitled to absolute immunity from money damages based on the lack of factual allegations indicating that any of the judges named as a defendant were acting in "clear absence of jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2009).

The Court also notes that it is concerned that, even if the Complaint were to be amended to state a plausible claim for relief, the Northern District of Alabama would be an improper venue for this litigation pursuant to 28 U.S.C. § 1391(b), because many of the Defendants and both Plaintiffs appear to be residents of Oregon,

and none of the events or omissions serving as the basis for this suit appear to have occurred in Alabama.

Ultimately, Plaintiffs' Complaint makes a number of vague and conclusory allegations against several groups of Defendants that are allegedly connected through the DNC. These allegations fail to plausibly state a cause of action, and accordingly Plaintiffs' Complaint is DISMISSED without PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2). Costs are taxed against Plaintiffs.

**DONE** and **ORDERED** on August 6, 2019.

L. Scott Coogler
United States District Judge

195126